GEORGE & COMPANY, LLC,
a New York limited liability company,

        Plaintiff,                 Case No. 2:10-cv-719-FtM-29DNF

v.

ALIBABA.COM, INC.,
a Delaware corporation,
EASTONY INDUSTRIES (NINGBO)
CO., LTD., a Chinese limited liability
company, and VARIOUS JOHN DOES,
JANE DOES, and ABC Companies,

        Defendants,

_____/

### REPLY BRIEF IN SUPPORT OF ALIBABA.COM, INC.'S MOTION TO DISMISS PURSUANT TO FED. R. CIV. P. 12(B)(2), 12(E), AND 12(B)(6)

Plaintiff George & Company, LLC ("Plaintiff") has named the wrong party in this action. Plaintiff attempts to state a claim based upon the operation of the Alibaba.com website and the alleged infringement of that website's users, yet fails to properly name the operator of the website, Alibaba.com Hong Kong Limited ("Alibaba Hong Kong"). Rather than admit this mistake and amend the Complaint, Plaintiff proceeds in a state of denial – ignoring all applicable law and evidence submitted by Alibaba.com, Inc. – in an attempt to muddy the water about what is actually at issue in Alibaba.com, Inc.'s motion to dismiss.

## I. THERE IS NO BASIS FOR PERSONAL JURISDICTION OVER ALIBABA.COM, INC.

### A. Alibaba.com, Inc. Is Not the Operator of the Alibaba Website.

As Alibaba.com, Inc. has repeatedly explained to Plaintiff, it is a marketing company and not the operator of the Alibaba website. Indeed, Alibaba.com, Inc.'s Motion could not be more clear that Alibaba.com Hong Kong is the operator of the Accused Website. Mot. at 1 ("As indicated by the copyright notice at the bottom of every page of the Accused Website, including the very exhibits Plaintiff attached to the Complaint, it is Alibaba.com Hong Kong Limited that operates the Accused Website"); Declaration of Annie Jie Xu (Dkt. No. 21) ("Xu Decl.") ¶ 3 ("Alibaba.com, Inc. does not operate or design the Alibaba.com website, or exercise any control whatsoever over the content included on Alibaba.com"). Further, Plaintiff has pointed to no *evidence* contradicting the sworn statements of Ms. Xu and the information contained on the Alibaba.com website itself. *See* Opp. at 10-11 (assuming that Alibaba.com, Inc. must have some relationship to the website because of its name); *id.* at 18 (assuming that because it reported allegedly infringing products to Alibaba.com, Inc.'s counsel, that Alibaba.com, Inc. must have control over the website).

This exact argument has already been addressed – and rejected – by the Eastern District of Arkansas. There, a patent holder sued Alibaba.com, Inc. for the alleged sale of infringing products on the Alibaba.com and AliExpress.com websites. *P.S. Prods., Inc. v. Alibaba.com, Inc.*, No. 4:10-CV-01149, 2011 WL 861164, at *1 (E.D. Ark. Mar. 10, 2011). The court dismissed the complaint finding that "the record is void of any evidence to show that

Alibaba.com Inc. has control over the Website," and relying on the testimony of Ms. Xu. *Id.* at *3.[1]

To the extent that Plaintiff asserts that because product listings were removed from the Alibaba.com website, Alibaba.com, Inc. controls the website, this is simply incorrect. Instead, as Plaintiff is well-aware, Alibaba.com, Inc. – in the interest of resolving this dispute and in the furtherance of Alibaba.com Hong Kong's policy of removing products that IP rights' holders specifically identify as infringing – was willing to pass take down requests along to Alibaba.com Hong Kong Limited.[2] Alibaba.com, Inc. and Alibaba Hong Kong had hoped that this sign of good faith would result in a resolution to this dispute. Regardless, that the company that markets the Alibaba.com website can pass messages along to the operator of those websites should come as no surprise and does not establish that Alibaba.com, Inc. is the operator of the websites.

### B. Having Failed to Sue the Correct Party, Plaintiff's Legal Authority is Inapplicable.

Plaintiff's only basis for personal jurisdiction over Alibaba.com, Inc. is based upon the operation of the Alibaba.com website. *See* Opp. at 13-16. As this argument is factually unsupportable, there is no basis for personal jurisdiction over Alibaba.com, Inc. and this case should be dismissed. *See Adstep, Inc. v. Freeman Decorating Co.*, No. 3:02-cv-1002 J 21HTS, 2003 WL 25276323, at *4 (M.D. Fla. Sept. 16, 2003) (noting that only "uncontroverted" allegations in the complaint need to be accepted and that conclusory statements in the complaint need not be accepted as true regardless).

---

[1] The court in Arkansas went one step further, finding that even if the plaintiff had named the correct entity – Alibaba Hong Kong – it still would not have personal jurisdiction. *Id.* at *8-10.

[2] Plaintiff would have achieved similar, if not quicker, results had it utilized the AliProtect System provided by Alibaba Hong Kong. *See* http://www.alibaba.com/help/safety_security/policies_rules/IPR/002.html.

## II. PLAINTIFF DOES LITTLE TO RESPOND TO ALIBABA.COM, INC.'S RULE 12(E) AND 12(B)(6) ARGUMENTS.

Plaintiff mischaracterizes Alibaba.com, Inc.'s argument under Rule 12(e) – claiming that Alibaba.com, Inc. would prefer less factual detail in the Complaint. Opp. at 17. Nothing could be further from the truth, as Alibaba.com, Inc. instead argues that each of the nineteen claims is based on a conclusory recitation of the same allegations against all of the defendants. *See* Mot. at 11-12 (citing to the same four conclusory allegations supporting each of the causes of action). Courts routinely grant motions for a more definite statement under these circumstances. *See Lawrie v. Ginn Companies LLC*, No. 3:09-446-J-32JBT, 2010 WL 3746725, at *3 (M.D. Fla. Sept. 21, 2010) (dismissing shotgun pleading in light of the "factual overlap of the allegations and the failure of the counts to differentiate among the Defendants"); *McMahon v. Hunter*, No. 2:06-179-FtM-36SPC, 2010 WL 2977967, at * 1 (M.D. Fla. July 26, 2010) (dismissing the complaint because the complaint made it "extremely difficult for Defendants and the Court to determine what facts support each count").

As to Alibaba.com, Inc.'s 12(b)(6) motion, again, Plaintiff barely responds, instead relying on matters outside of the complaint (*see* Opp. at 18), which are irrelevant for purposes of a 12(b)(6) motion. Where Plaintiff does respond to the arguments raised by Alibaba.com, Inc., it does so in one of two ways – either by simply asserting that elements are alleged but failing to identify them in the Complaint, or by pointing to paragraphs in the Complaint that do not actually contain the requisite elements.

For example, with respect to the knowledge and intent requirements of its contributory trademark and copyright infringement claims, Plaintiff argues that the acts of counterfeiting are "obviously knowing acts and are alleged to be intentional and willful" (Opp. at 19), yet fails to identify a complaint paragraph that actually contains those allegations.

Plaintiff does attempt to identify three paragraphs in the Complaint containing its claim for a conspiracy, but these paragraphs only confirm that the Complaint falls short of stating a claim. Plaintiff identifies paragraphs 8, 11, and 38, which all contain conclusory statements that a conspiracy took place but fail to identify what that conspiracy was. *See* Compl. ¶ 8 (alleging that unrelated defendants "acted in complicity and in concert with Defendant, Alibaba.com, Inc., in the acts complained of" but not explaining what Alibaba.com, Inc.'s role in this conspiracy was), 11 (alleging on "information and belief, [that] all Defendants were acting in concert with each other and were and are the agents of each other, and in doing the wrongful acts complained of herein, each was acting within the course and scope of such agency"), 38 (alleging on "information and belief, [that] Defendants are engaged in a systematic and worldwide conspiracy to deprive the owners of intellectual property, including Plaintiff, of their hard earned rights and money…"). These conclusory allegations fail to state a claim for conspiracy. *See* Mot. at 13-14.

Further, although Plaintiff does attempt to identify a portion of the Complaint containing the identification of the alleged trade dress (Opp. at 19), a review of those identified paragraphs yields no further clarity as to what elements of the games Plaintiff believes are protectable trade dress. See Compl. ¶¶ 14-34. This is insufficient to state a claim. *See Knights Armament Co. v. Optical Sys. Tech., Inc.*, 568 F. Supp. 2d 1369, 1376-77 (M.D. Fla. 2008) (dismissing trade dress claim where the complaint did not explain why the "finish, shape, and exterior design" was distinctive and nonfunctional, what constituted the trade dress, or how the defendant infringed); *Heller, Inc. v. Design Within Reach, Inc.*, No. 09-1909, 2009 WL 2486054, at *6 (S.D.N.Y. Aug. 14, 2009) (dismissing trade dress claim where the only identification of the trade dress were pictures of the relevant products attached to the complaint and the plaintiff did not allege "which

elements of the plaintiff's trade dress design are distinctive, much less how certain elements are distinctive").

Respectfully submitted,

Darryl M. Woo (*Admitted pro hac vice*)
dwoo@fenwick.com
Ryan J. Marton (*Admitted pro hac vice*)
rmarton@fenwick.com
Leslie Kramer (*Admitted pro hac vice*)
lkramer@fenwick.com
FENWICK & WEST LLP
555 California Street, 12th Floor
San Francisco, CA 94104
(415) 875-2300
(415) 281-1350 (facsimile)

*Counsel for Alibaba.com, Inc.*

/s/ Frank R. Jakes
Frank R. Jakes, FBN 372226
frankj@jpfirm.com
Johnson, Pope, Bokor, Ruppel & Burns, LLP
403 E Madison St.
Suite 400
P.O. Box 1100
Tampa, FL 33601-1100
(813) 225-2500
(813) 223-7118 (facsimile)

*Local counsel for Alibaba.com, Inc.*

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on November 4th, 2011, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system, which will send a notice of electronic filing to the below-listed parties.

Jennifer Whitelaw
usdcmail@whitelawfirm.com

/s/ Frank R. Jakes
Frank R. Jakes