UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

GEORGE & COMPANY, LLC, a New York
limited liability company,

                    Plaintiff,

vs.                              Case No.  2:10-cv-719-FtM-29DNF

ALIBABA.COM,  INC.,  a    Delaware
corporation,  EASTONY  INDUSTRIES
(Ningbo)  Co.,  LTD.   a  Chinese
limited  liability  company,  VARIOUS
JOHN   DOES,     JANE   DOES,   ABC
COMPANIES,

                    Defendants.
_____

### OPINION AND ORDER

    This  matter  comes  before  the  Court  on  Alibaba.com  Inc.'s
Motion  to  Dismiss  Pursuant  to  Fed.  R.  Civ.  P.  12(b)(2),  12(e)  and
12(b)(6)  and  Memorandum  of  Points  &  Authorities  in  Support  (Doc.
#20)  filed  on  April  5,  2011.   Plaintiff  filed  a  response  (Doc.  #40)
on  October  12,  2011.   With  the  permission  of  the  Court,  defendant
filed  a  reply  (Doc.  #44)  on  November  4,  2011.

### I.

    Plaintiff  George  &  Company  LLC  (plaintiff  or  George  &  Company)
alleges  in  its  Complaint  (Doc.  #1)  that  defendants  Alibaba.com,
Inc.  (Alibaba)  and  Eastony  Industries  (NINGBO)  Co.,  Ltd.  (Eastony),
a  Chinese  limited  liability  company,  as  well  as  various  John  and
Jane  Does  and  ABC  Companies  have  infringed  its  trademarks,  trade
dress,  and  copyright  related  to  plaintiff's  dice  games,  and

committed other torts by displaying, offering for sale and selling unauthorized, counterfeit and imitative products on the website Alibaba.com. Plaintiff alleges that Alibaba is the operator of the website and that Eastony acted "in complicity and in concert" with Alibaba by, among other things, manufacturing and supplying the illegal products to the website. (Doc. #1, ¶¶ 6, 8.)

Alibaba contends that it neither owns nor controls the website at issue and that Alibaba.com Hong Kong Limited, an entirely separate entity, operates the website. Alibaba claims that its only connection to the website is that it provides marketing services to promote brand awareness primarily through trade show exhibitions, event marketing, online display advertising, search engine marketing, affiliate marketing, email marketing, social media marketing, cross promotional business partnerships and public relations. (Doc. #21, ¶ 5.) According to Alibaba, it is a Delaware corporation with its only place of business in Santa Clara, California and it has had insufficient contacts with the state of Florida for this Court to exercise personal jurisdiction.

Although the Court may grant jurisdictional discovery to determine Alibaba's connection to the accused website and its contacts with this forum, the Court will not do so at this stage. As set forth below, the Court finds that the Complaint is unmanageable in its current form and will be dismissed with leave to amend.

**II.**

Eighteen of the nineteen counts in the Complaint contain the following statement: "Plaintiff repeats and realleges all of the above paragraphs of this Complaint as if fully set forth herein." (Doc. #1, ¶¶ 57, 62, 67, 72, 77, 82, 91, 96, 103, 108, 113, 118, 123, 128, 133, 138, 143, 148.)   This is essentially a shotgun pleading.  "The typical shotgun complaint contains several counts, each one incorporating by reference the allegations of its predecessors, leading to a situation where most of the counts [ ] contain irrelevant factual allegations and legal conclusions." Strategic Income Fund, L.L.C. v. Spear, Leeds & Kellogg Corp., 305 F.3d 1293, 1295 (11th Cir. 2002); see also Magluta v. Samples, 256 F.3d 1282, 1284 (11th Cir. 2001).

Plaintiff will be required to replead each of its claims and to specify  which factual allegations are relevant to each count. See Johnson Enters. of Jacksonville, Inc. v. FPL Grp., Inc., 162 F.3d 1290, 1333 (11th Cir. 1998)("These types of cases invariably begin with a long list of general allegations, most of which are immaterial to most of the claims for relief. The general allegations are incorporated by reference into each count of the complaint; the complaint is followed by an answer that responds to each and every statement. If the trial judge does not quickly demand repleader, all is lost-extended and largely aimless discovery will commence, and the trial court will soon be drowned in an uncharted sea of depositions, interrogatories, and affidavits.").

Plaintiff should also take this opportunity to address any additional pleading deficiencies. For example, by indiscriminately lumping defendants together, plaintiff has failed to comply with Federal Rule of Civil Procedure 8. Rule 8(a) requires "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a). "Under this rule, when a complaint alleges that multiple defendants are liable for multiple claims, courts must determine whether the complaint gives adequate notice to each defendant." Pro Image Installers, Inc. v. Dillon, No. 3:08cv273, 2009 WL 112953 at *1 (N.D. Fla. Jan. 15, 2009)(citing Atuahene v. City of Hartford, 10 F. App'x 33, 34 (2d Cir. 2001)); Bentley v. Bank of Am., 773 F. Supp. 2d 1367, 1373 (S.D. Fla. 2011). Although a complaint against multiple defendants is usually read as making the same allegation against each defendant individually, Crowe v. Coleman, 113 F.3d 1536, 1539 (11th Cir. 1997), factual allegations must give each defendant "fair notice" of the nature of the claim and the "grounds" on which the claim rests. Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 n.3 (2007). Accordingly, at times, a plaintiff's "grouping" of defendants in a complaint may require a more definite statement. See Veltmann v. Walpole Pharmacy, Inc., 928 F. Supp. 1161, 1164 (M.D. Fla. 1996); Lane v. Capital Acquisitions & Mgmt., Co., No. 04-60602, 2006 WL 4590705 at *5 (Apr. 14, 2006)("By lumping all the defendants together in each claim and providing no factual basis to distinguish their conduct, the [] Complaint fails to satisfy the minimum standard of Rule 8.").

-4-

Here, plaintiff briefly alleges that the defendants are separate entities, operating in different countries with different business operations[1], but then fails to distinguish their misconduct.  In nearly all of the counts, plaintiff simply asserts that "defendants' acts" constitute the particular cause of action. It is unclear whether plaintiff is alleging direct trademark infringement against both defendants, direct infringement against one and contributory infringement against the other, or contributory infringement against both defendants and direct infringement against an unnamed third party.  Plaintiff must state its claims clearly in the Amended Complaint.  See Optimum Techs., Inc. v. Henkel Consumer Adhesives, Inc., 496 F.3d 1232, 1245 (11th Cir. 2007)(finding that a claim for contributory trademark infringement must be separately stated).

The Complaint also contains legal conclusions couched as factual allegations.  See Papsan v. Allain, 478 U.S. 265, 286 (1986).  For example, plaintiff states that defendants have "systematic contacts" and currently do "substantial business" within the Middle District of Florida, utilize "this District as a forum," have committed "tortious acts in Florida," and are simply "subject to the jurisdiction of this Court."  (Doc. #1, ¶¶ 7, 9, 37, 41, 42.)

---

[1]Plaintiff alleges that defendant Alibaba is the operator of the website Alibaba.com and that defendant Eastony manufactured and supplied the illegal products to the website.  (Doc. #1, ¶¶ 6, 8.)

Plaintiff does not, however, allege facts to support these conclusory allegations.

Plaintiff should also review the factual allegations asserted in support of its nineteen substantive claims. The complaint "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Twombly, 550 U.S. at 555. Reciting a laundry list of vague factual statements based upon "information and belief" and then baldly asserting that defendants' acts constitute trademark infringement, federal unfair competition, federal false designation of origin, etc. is insufficient. Plaintiff should clearly and concisely state the circumstances, occurrences and events which support each of its claims.

Accordingly, it is now

**ORDERED**:

1. Alibaba.com Inc.'s Motion to Dismiss (Doc. #20) is **GRANTED** and the Complaint (Doc. #1) is dismissed without prejudice.

2. Plaintiff shall file an amended complaint **WITHIN TWENTY ONE (21) DAYS** of this Opinion and Order.

**DONE AND ORDERED** at Fort Myers, Florida, this __13th__ day of December, 2011.

_____
JOHN E. STEELE
United States District Judge

Copies: Counsel of record